**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

### TESTIMONY OF INFORMER

You have heard testimony that _____ have received favorable treatment from the government in connection with this case.  You should examine their testimony with greater caution than that of ordinary witnesses.  In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of favorable treatment from the government.

### NCJI NO. 4.10

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_**

## WITNESS WHO HAS PLEADED GUILTY

The witnesses _____ have pleaded to _____. arising out of the same events for which defendant is on trial. The pleas are not evidence against Defendant and you may consider it only in determining their believability. You should consider their testimony with great caution, giving it the weight you feel it deserves.

### NCJI NO. 4.12

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WEIGHING CONFLICTING TESTIMONY

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses, but the convincing force of the evidence.

**BAJI 2.01**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## STATEMENTS BY DEFENDANT

You have heard testimony that defendant made certain statements. It is for you to decide (1) whether Defendant made the statement and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which it may have made it.

**NCJI NO. 4.01**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

### REASONABLE DOUBT - DEFINED

As I have said many times, the government has the burden of proving defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that defendant is guilty. Or doubt which causes you to hesitate to act.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not firmly convinced beyond a reasonable doubt that defendant is guilty, it is your duty to find defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence you are firmly convinced beyond a reasonable doubt that Defendant is guilty, it is your duty to find her guilty.

**NCJI NO. 3.03 modified by MFJI Pattern Instructions,**
**General Criminal Instruction No. 21**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the offense charged in the information, not for any

other activities.

## NCJI 3.11

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CHARGES AGAINST DEFENDANT

The indictment charges defendant with one count of conspiracy to defraud the Environmental

Protection Agency and the submission of false documents to the Commonwealth of the Northern

Mariana Islands in a matter within the jurisdiction of the Environmental Protection Agency.

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CONSPIRACY— ELEMENTS

The defendant is charged in the indictment with conspiring to defraud the United States Department of Labor and the Federal Emergency Management Agency in violation of Sections 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February, 2003 and ending on or about June, 2003, there was an agreement between defendant and at least one other person to defraud the United States Department of Labor and the Federal Emergency Management Agency ; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to

35

**DEFENDANT'S JURY INSTRUCTION NO. _____**

commit one or more crimes. The crime of conspiracy is the agreement to do something

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal

agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that

they simply met, discussed matters of common interest, acted in similar ways, or perhaps

helped one another. You must find that there was a plan to commit the crime alleged in the

indictment as an object of the conspiracy with each of you agreeing as to the persons with

whom defendant conspired.

One becomes a member of a conspiracy by willfully participating in the unlawful plan

with the intent to advance or further some object or purpose of the conspiracy, even though the

person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

willfully joins an existing conspiracy is as responsible for it as the originators. On the other

hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers

some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a

person does not become a conspirator merely by associating with one or more persons who are

conspirators, nor merely by knowing that a conspiracy exists.

**NCJI  8.16 modified**

36

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

**NCJI  3.17**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## SPECIFIC INTENT DEFINED

The crime of conspiracy requires proof of specific intent before defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the prosecution must prove that the defendant knowingly conspired to defraud the Environmental Protection Agency. Such intent may be determined from all the facts and circumstances surrounding the case.

### NCJI No. 5.4 Comment (modified)

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## KNOWLEDGE OR APPROVAL OF A CONSPIRACY IS INSUFFICIENT TO CONVICT

A person does not become a member of a conspiracy merely by associating with one or more

persons who are conspirators, knowing of the existence of the conspiracy, being present where

a crime takes place or is discussed, or having knowledge of criminal conduct or approving of

the conspiracy.

*United States v. Croft* 124 F.3d 1109, 1123 (9th Cir. 1997)

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**NCJI 8.17**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.

**NCJI 8.19**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## CONSPIRACY—PINKERTON CHARGE

A conspiracy is a kind of criminal partnership– an agreement between two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the exercise of and in furtherance of an unlawful scheme.

Once you have decided that the defendant was a member of the conspiracy, the defendant is responsible for what the other conspirators said or did to carry out the conspiracy, even if the defendant did not know what they said or did.

For the defendant to be found guilty of an offense allegedly committed by a conspirator as part of the conspiracy, the offense must be one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## NCJI  8.20

## CONSPIRACY— SEARS CHARGE

Before being convicted of conspiracy, an individual must conspire with at least one co–conspirator.  There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government agent or informer who secretly intended to frustrate the conspiracy.

## NCJI  8.21

43

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_\_**

### FALSE STATEMENT TO
### GOVERNMENT AGENCY
### (18 U.S.C. § 1001)

The defendant is charged in Counts 2 through 5 of the indictment with knowingly and willfully making a false statement and using a document containing a false statement in a matter within the jurisdiction of the Environmental Protection Agency  in violation of Section 1001 of Title 18 of the United States Code. In order for the defendant to be found guilty of that counts 2 , 3, 4,  5, 6, 7, or 8 the government must prove each of the following elements beyond a reasonable doubt with respect to each count:

First, the defendant concealed or covered up  a false statement and used a writing which contained a false statement  in a matter within the jurisdiction of the United States Department of Labor and the Federal Emergency Management Agency;

Second, the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the activities or decisions of United States Department of Labor and the Federal Emergency Management Agency.

Fourth, the defendant had a clear legal duty to report the information concelaed or covered up and not submitted to the United States Department of Labor and the Federal Emergency Management Agency.

44

**DEFENDANT'S JURY INSTRUCTION NO. _____**

A statement is material if it could have influenced the agency's decisions or activities.

**NCJI 8.66** modified by *United States v. Murphy*, 809 F.2d 1427 (9th Cir. 1987)

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## WILLFULNESS – DEFINED

Wilfulness requires that an act be done knowingly and intentionally, not through ignorance, mistake or accident.

*United States v. Morales*, 108 F.3d 1031, 1036 (9th Cir. 1997). *See* **NCJI 5.5**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## MERE PRESENCE

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess with intent to distribute a controlled substance commonly known as "ice", unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

## NCJI 6.9

**DEFENDANT'S JURY INSTRUCTION NO. _____**

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### NCJI 7.1

48                                              *Rev. 2000*

**DEFENDANT'S JURY INSTRUCTION NO. \_\_\_\_\_**

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be, that is entirely for you to decide.

## NCJI 7.2

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## NCJI 7.3

**DEFENDANT'S  JURY INSTRUCTION  NO. _____**

## VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

**NCJI 7.5**

**DEFENDANT'S JURY INSTRUCTION NO. _____**

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**NCJI 7.6**