1   LEONARDO M. RAPADAS
    United States Attorney
2   TIMOTHY E. MORAN
    Assistant United States Attorneys
3   DISTRICT OF THE NORTHERN
        MARIANA ISLANDS
4   Horiguchi Building, Third Floor
    P. O. Box 500377
5   Saipan, MP 96950-0377
    Telephone:    (670) 236-2982
6   Fax:          (670) 236-2985

7   Attorneys for United States of America

F I L E D
Clerk
District Court

FEB 21 2006

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

8
                    UNITED STATES DISTRICT COURT
9                   NORTHERN MARIANA ISLANDS

10   UNITED STATES OF AMERICA,          )    Criminal Case No. 05-00004
                                        )
11                    Plaintiff,        )
                                        )    GOVERNMENT'S PROPOSED JURY
12        v.                            )    INSTRUCTIONS
                                        )
13   FERMINA ATALIG,                    )
                                        )    Trial:  Jury
14                                      )    Date:   February 27, 2006
                                        )    Time:   9:00 a.m.
15                    Defendant.        )    Judge:  Hon. Alex R. Munson
                                        )
16                                      )
                                        )
17                                      )
                                        )
18   _____)

19        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its

20   counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United

21   States Attorney, and hereby files its amended proposed jury instructions.

22                                 Respectfully submitted,

23                                 LEONARDO M. RAPADAS

24                                 United States Attorney for the
25                                 Districts of Guam and NMI

26

27        By: _____  2/21/06
                TIMOTHY E. MORAN
28              Assistant United States Attorneys

INSTRUCTION   1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION  2

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION __3__

[if applicable]

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

INSTRUCTION  4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION  5

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

INSTRUCTION  6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION  7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence

INSTRUCTION  8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness' memory;

3.     the witness' manner while testifying;

4.     the witness' interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness' testimony;

6.     the reasonableness of the witness' testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION 9

[if applicable]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION __10__

The defendant is on trial only for the crimes charged in the indictment, not for any

other activities.

INSTRUCTION  11

[if applicable]

You have heard evidence of other crimes, acts and wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

INSTRUCTION __12__

A separate crime is charged against the defendant in each count. The charges have been joined for trial. You must decide the case on each crime charged against that defendant separately. Your verdict on any count as to the defendant should not control your verdict on any other count.

All of the instructions apply to each count.

INSTRUCTION   13

[if applicable]

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

INSTRUCTION   14

You have heard testimony from a witness who testified pursuant to a non-prosecution agreement. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted for certain crimes. You have also heard testimony that this witness admitted being an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins  with another person in committing a crime.

For these reasons, in evaluating the witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by these factors. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

INSTRUCTION  15

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION   16

The defendant is charged in Count 1 of the indictment with conspiracy commit offenses against the United States, in violation of Title 18, United States Code, Section 371.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about February, 2003, until in or about June, 2003, there was an agreement between two or more persons to commit offenses against the United States by submitting false claims against the United States and by submitting false statements for the purpose of obstructing and impeding a legitimate Government function as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Third,  one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you  agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

-17-

one another. You must find that there was a plan to submit false claims and to make false statements as alleged in the indictment as an object of the conspiracy with all of you agreeing that this was the unlawful object that the conspirators agreed to accomplish.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

INSTRUCTION   17

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant may not have directly conspired with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

1

INSTRUCTION __18__

2

3

You must decide whether the conspiracy charged in the indictment existed, and, if it

4

did, who at least some of its members were. If you find that the conspiracy charged did not

5

exist, then you must return a not guilty verdict on that charge, even though you may find that

6

some other conspiracy existed. Similarly, if you find that any defendant was not a member of

7

8

the charged conspiracy, then you must find that defendant not guilty, even though that

9

defendant may have been a member of some other conspiracy.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION    19

The defendant is charged as one of the objects of the conspiracy charged in Count 1 with conspiring to submit false claims against the United States, in violation of Title 18, United States Code, Section 287. The government must prove that the defendant conspired to commit the crime of submitting false claims against the United States, whose elements are:

First, presenting a claim against the United States;

Second, knowing such claim to be false; and

Third, that the claim was material, that is, it could have influenced the agency's decisions or activities.

A claim involves a demand for money or an attempt to cause the United States to pay out money.

A person may be guilty of submitting false claims against the United States even if she uses an innocent middle man to actually pass the claims to the United States.

The government does not need to prove that the defendant actually submitted false claims against the United States; the government must prove that the defendant conspired to do so.

United States v. Causey; 835 F.2d 1289, 1292 (9th Cir. 1987); United States v. Jackson, 845 F.2d 880, 883 (9th Cir. 1988).

INSTRUCTION   20

The defendant is charged as one of the objects of the conspiracy charged in Count 1 with conspiring to use a document containing a false statement in a matter within the jurisdiction of an agency of the United States.  The defendant is also charged in Counts 2 through 5 of the indictment with knowingly and willfully using a document containing a false statement in a matter within the jurisdiction of an agency of the United States, in violation of Title 18, United States Code, Section 1001.   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant used a writing or document which contained a false statement in a matter within the jurisdiction of the Federal Emergency Management Administration;

 Second, the defendant acted willfully, that is deliberately and with knowledge that the writing or document was untrue; and

Third, the writing or document was material to the  activities or decisions of the United States Federal Emergency Management Administration.  A statement is material if it could have influenced the agency's decisions or activities.

INSTRUCTION   21

A defendant may be found guilty of knowingly and willfully using a document containing a false statement, as charged in counts 2 through 5,  even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting the government must prove beyond a reasonable doubt:

First, the crime of making or using a false document was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of making or using a false document; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of making false statements

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION __22__

Now, I want to say a word about the dates that have been mentioned in the indictment.

The indictment charges that the crimes occurred on approximately a certain date. The Government does not have to prove that the crimes happened on that exact date. But the Government must prove that the crimes occurred reasonably close to that date.

INSTRUCTION   23

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

INSTRUCTION   24

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION __25__

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION  26

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION   27

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

INSTRUCTION __28__

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.