FILED
Clerk
District Court

MAR 27 2006

For The Northern Mariana Islands
By________________
(Deputy Clerk)

G. Anthony Long, Esq.
Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Fermina Atalig

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0004 |
| Plaintiff | ) |
| v. | ) **MEMORANDUM SUPPORTING MOTION FOR NEW TRIAL** |
| FERMINA ATALIG | ) |
| | ) Date: May 18, 2006 |
| Defendant | ) Timer: 9:00 a.m. |

## I. ATALIG SHOULD BE GRANTED A NEW TRIAL

FRCrP Rule 33 allows the court to vacate any judgment and grant a new trial if the interest of justice so requires[1].

---

1 Atalig also incorporates the arguments set forth in the memorandum for acquittal filed herewith as additional basis for a new trial.



LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

## A. EVIDENCE WAS IMPROPERLY EXCLUDED

Pursuant to FRE Rule 201, a court may take judicial notice of matters of public record, including the court's own files from other cases. *Nesbitt v. Wakabayshi*, 2005 WL 1983908 at 9, (E.D.Cal. Aug 17, 2005). In fact, this Court has recognized that it can take judicial notice of cases pending in the Commonwealth Superior Court. *Tran v. Com. of Northern Mariana Islands*, 780 F.Supp. 709, 714 (D.N.M.I. 1991). Failing to take judicial notice of a fact is grounds for a new trial when the defendant is prejudiced by the error. *See Blas v. Talabera*, 318 F.2d 617, 619 (9th Cir. 1963).

The prosecution introduced evidence from Angie Manglona that prior to Supertyphoon Pongsona, Atalig had disclosed her intention to run for office in the special election for the senatorial seat of Senator Ricardo Atalig. The prosecution also argued that Atalig falsified DUA documents because she wanted to gain favor from the public in the special election. During cross-examination of Angie Manglona, she acknowledged that the special election was not noticed until after the conviction of Senator Ricardo Atalig. At that point, Atalig requested the court to take judicial notice of the date of Senator Atalig's conviction since the trial was held in the District Court. The prosecution objected and the court did not take judicial notice. The failure to take judicial notice of the court's own files and the

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

date of the conviction prejudiced Atatlig.

Supertyphoon Pongsonga occurred on December 8, 2002. Senator Ricardo Atalig was convicted on April 25, 2003[2], more than five months after Pongsona. If judicial notice had been taken of this fact, it would have established that Atalig could not have informed Manglona prior to Pongsona that she was going to run in the special election for Senator Atalig's seat. It also would have materially challenged the credibility of Manglona's testimony. This further prejudiced Atalig as the intent to run in the special election was meant to negate Atalig's good faith defense.

"Good faith is **always** a defense to fraud." *United States v. Dees*, 34 F.3d 838, 842 (9th Cir. 1994)(emphasis added). However, in § 1001 cases, a specific good faith instruction is unnecessary when the court adequately instructs the jury as to specific intent. *Id. United States v. Shipsey,* 363 F.3d 962, 967 (9th Cir. 2004). Without the "political aspiration evidence," the prosecution did not have any "evidence" to counter or rebut Atalig's good faith defense.

---

[2] The court can take judicial notice of this fact.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

**B. EVIDENCE WAS IMPROPERLY ADMITTED**

A new trial is also warranted by allowing testimony as to the crime for which Senator Atalig was convicted.

On re-direct examination of Manglona, the prosecution inquired as to the type of crime for which Senator Ricardo Atalig was convicted. Defendant's objection on grounds of relevancy was overruled. The jury then learned that Senator Atalig, a Senator from Rota, was convicted for fraud. This prejudiced Atalig in as much as she was on trial for fraud. The effect of eliciting such testimony was to paint defendant as being from and of the same ilk as Senator Atalig. This was unduly prejudicial.

**C. THE TESTIMONY AND ARGUMENT CONCERNING ATALIG'S ALLEGED POLITICAL ASPIRATIONS WAS IMPROPER AND UNDULY PREJUDICIAL**

A prosecutor has a duty not to present evidence which it knows is not true. *Commonwealth of Northern Mariana Islands v. Bowie*, 243 F.3d 1109, 1114 - 1125 (9th Cir. 2001). Even more so, the prosecution possesses an independent and constitutional duty to correct testimony which it knows is false, *Id.* These duties take on a heightened sense when it concerns testimony of a witness whose testimony was purchased by a contract or cooperation agreement. As aptly noted:

> ...because of the perverse and mercurial nature of the devils with whom the criminal justice system has chosen to deal, each contract for testimony is fraught with the real peril that the proffered testimony will not be truthful, but simply factually contrived to "get" a target of sufficient interest to induce concessions from the government. Defendants or suspects with nothing to sell sometimes embark on a methodical journey to manufacture evidence and to create something of value, setting up and betraying friends, relatives, and cellmates alike.

*Bowie*, 243 F.3d at 1124. These prosecutorial duties are not limited to circumstances of actual knowledge of falsity, but they equally apply when the prosecution is on notice of the distinct possibility that testimony of a prosecution witness is false. *See Napue v. Illinois*, 360 U.S. 264, 269-70, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Bowie*, 243 F.3d at 1114 - 1125.

In this case, the prosecution knew or, at a minimum was on notice that prior to Pongsonga, Atalig and Manglona never had a conversation about Atalig running for the senate in the special election. Indeed, a hand written statement under oath from Manglona to the prosecution shows that she never had any knowledge about Atalig harboring any political ambitions at the time of the DUA program. *See* Declaration of G. Anthony Long ("Long Declaration") at Exhibit 1. Even more so, the prosecution knew that Senator Atalig had not been convicted prior to April 25, 2003 as their office prosecuted Senator Atalig. Furthermore, the prosecution possessed documents which showed that Atalig did not apply for the



LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

special election until August 2, 2003. *See* Long Declaration at Exhibit 2.

Given all of the information possessed by the prosecution, it knew or, at a minimum was on notice that Manglona's testimony concerning Atalig's intention to run for office in the special election was not truthful. Yet it did not do anything to correct Manglona's testimony on this point. Even more so, given the information it possessed, the prosecution acted improperly by asking questions about Atalig running in the special election and eliciting testimony concerning Atalig's intent to run in the special election. It further acted improperly by arguing that Atalig's handling of the DUA claim was motivated by her desire to run in the special election. It appears the prosecution took this tact in an effort to obviate the defense of good faith. However, reliance and use of the "political aspiration" testimony and argument was not only improper and unduly prejudicial, but it denied Atalig a fair trial. *See Bowie*, *supra*.

**D. THE COURT'S REMARKS CONCERNING THE RESIDENCY OF DEXTER MENDIOLA AND SYDNEY ROSARIO NECESSITATES A NEW TRIAL ON COUNTS 3 AND 4**

Remarks by the court can result in a new trial on fair trial grounds. *United States v. Milner*, 962 F.2d 908, 911 - 912 (9th Cir. 1992).

During voir dire, the court read a list of witnesses to the jury pool. In doing

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

so, it identified Dexter Mendiola as being from Saipan and Henry San Nicholas as being from Guam. Atalig objected and requested a mistrial or a severance of the charges involving Mendiola, Count 3 , and Rosario, Count 4. The objection was denied. A curative instruction was not given.

The comments or remarks concerning Mendiola and Rosario unduly prejudiced Atalig in as much it was one of the prosecution's contention that Atalig, among other things, approved DUA benefits for applicants who did not live on Rota. Mendiola and Rosario were prosecution witnesses who testified that they did not reside on Rota at the time of Pongsona, at the time they applied for DUA benefits and at the time they received DUA benefits. The court having previously said Mendiola and Rosario were from another island, had the effect of re-enforcing or vouching for Mendiola's and Rosario' testimony.

**CONCLUSION**

The errors, singularly or jointly, as shown in this memorandum and the memorandum for judgment of acquittal adequately establish that a new trial should be granted in the interest of justice.

Law Office of G. Anthony Long

By: G. Anthony Long