Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0004 |
|---|---|
| Plaintiff | ) |
| v. | ) **ATALIG'S SENTENCING** |
|  | ) **MEMORANDUM** |
| FERMINA ATALIG | ) |
|  | ) Date: August 7, 2006 |
| Defendant | ) |
| _____ | )Time: 9:00 a.m. |

Defendant Fermina Atalig submits this sentencing memorandum.

I.     A SIXTEEN POINT ENHANCEMENT BASED ON THE AMOUNT OF THE LOSS IS UNSUBSTANTIATED

In the Ninth Circuit, when an enhancement has an extremely disproportionate effect on the sentence relative to the conviction, then the facts supporting the enhancement must be established by clear and convincing evidence. *United States v. Staten*, 450 F.3d 384, 388 (9th Cir. 2006)*; See United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000); *United States v.*

*Hopper*, 177 F.3d 824, 833 (9th Cir.1999). It is plain error not to utilize the clear and convincing standard when an enhancement is disproportionate to the base level offense. *United States v. Jordan*, 256 F.3d 922, 929 (9th Cir.2001).

In *Staten*, the prosecution conceded that the court agreed that the 15 point enhancement necessitated proof of the enhancement by clear and convincing evidence. 450 F.3d at 392. Likewise, in *De Jesus*, the court reasoned that a ninth point enhancement which exposed the defendant to an increase sentencing range of 36 to 44 months warranted proof of the enhancement by clear and convincing evidence. 217 F.3d at 643. Similarly, in *Hopper*, the court ruled that a seven point enhancement which increased the sentencing range from 24-30 months to 63-78 months required the prosecution to prove the enhancement by clear and convincing evidence. 177 F.3d at 829.

The enhancement in this case increased the offense level by 16 points from a level 6 to a level 22. This loss enhancement raises the sentencing range from 0 - 6 months to a range of 41 to 51 months. This is a disproportionate increase which necessitates use of the clear and convincing standard. *Staten*, *supra*; *De Jesus*, *supra*; *Hopper*, *supra*. Neither the PSR nor the record points to or identifies clear and convincing evidence establishing that 90% of the applications approved were fraudulent. During trial, Manglona, who acknowledged she did not know the

criteria for DUA eligibility, guessed that 90% of the applications were fraudulent. Paragraph 40 of the PSR relies on this unsubstantiated "belief" as a basis for the 16 level increase. Such speculation or belief does not satisfy the preponderance of the evidence standard, much less the standard of clear and convincing evidence.

Even more so, the calculation of the loss is unreasonable and arbitrary. The PSR makes the unsubstantiated claim that a total of $1,281,489 was paid out by the DUA program. The PSR does not identify any documentation supporting that amount or identification of the source for such a determination. This renders the entire premise for the calculation unreasonable and arbitrary.

II.  **A FOUR POINT ENHANCEMENT BASED ON ATALIG'S ROLE IN OFFENSE IS IMPROPER**

In *Staten*, the prosecution recognized or posited that a four level enhancement which doubles the Guidelines sentencing range must be established by clear and convincing evidence. 490 F.3d at 392.

### III. IMPOSING THE 16 LEVEL OR FOUR LEVEL ENHANCEMENT WOULD VIOLATE DUE PROCESS

The constitutional guarantee of due process is fully applicable at sentencing. *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Although a sentencing a judge may consider a wide variety of information that could not be considered at trial, *United States v. Sustaita*, 1 F.3d 950, 952 (9th Cir. 1993), a defendant's due process rights are violated when a judge relies upon materially false or unreliable information in sentencing. *United States v. Hanna*, 49 F.3d 572 (9th Cir. 1995); *United States v. Ruster*, 712 F.2d 409, 412 (9th Cir. 1983); *United States v. Weston*, 448 F.2d 626, 634 (9th Cir. 1971), cert. denied, 404 U.S. 1061 (1972). Material information is "unreliable" if it "lacks some minimal indicium of reliability beyond mere allegation." Id. (citation and internal quotation marks omitted).

In this case the 16 level enhancement for a,ount of loss is premised upon Manglona's uneducated guess. This makes the information inherently unreliable. Similarly, the role in the offense enhancement is based on pure conjecture instead of evidence or facts.

### IV. ATALIG IS ENTITLED TO DOWNWARD DEPARTURES UNDER THE ADVISORY GUIDELINES

Guidelines §5K2.20 allows for a downward departure based on aberrant behavior. The factual portions of the PSR concerning Atalig's life shows the conduct for which she was found guilty of constitutes aberrant behavior. Even more so, a downward departure under §5K2.0(a)(2) is proper as the facts show that Atalig's conduct was designed to assist or help people as the result of a terrible natural disaster as opposed to personal profit or personal gain. Lastly, the PSR wrongfully denied a two point downward departure for acceptance of responsibility. A defendant's refusal to discuss the offense with the probation officer is not a basis for denying the two point downward departure for acceptance of responsibility. *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir. 1995); *United States v. LaPierre*, 998 F.2d 1460, 1467 (9th Cir. 1993)[U.S.S.G. § 3E1.1 does not allow the judge to weigh against the defendant the defendant's exercise of constitutional or statutory rights, including the right to appeal]. In this case, the PSR denied the downward departure for acceptance of responsibility. The only apparent basis for this denial is the fact that Atalig declined to discuss the offense based on advice of counsel so as not to impair her appeal rights. PSR at ¶¶ 46 - 47. All other portions of the PSR support Atalig's entitlement to the two point downward reduction for acceptance of responsibility.

## V. THE SENTENCE IN THIS CASE SHOULD NOT EXCEED SIX MONTHS

Sentence is to be imposed based on the factors set forth in 18 U.S.C. § 3553(a). Such factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kind of sentence and the sentencing range provided for by the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). In light of these factors, Atalig'ds sentence should be between 0 to 6 months.

It appears that the highest applicable advisory Guideline range is level 12 which recommends a 10 to 16 month sentence. The lowest range, if Atalig

receives the downward departures to which she is entitled to, is 0 to 6 months. The 0 to 6 month range is the proper range regardless of which advisory Guideline level applies given the circumstances of this case.

Tt is undisputed that Atalig does not have any prior criminal record and there is not any evidence of bad character or other bad acts. The circumstance giving rise to this case resulted from Atalig's appointment to administer a relief program necessitated by an extraordinary natural phenomena, Supertyphoon Pongsonga. Atalig did not request to be placed in charge of this program. She did not profit from being in charge of the program. The amount of the loss resulting from Atalig's administration of the DUA program is a little over $23,000.00. Assuming that the amount of benefits distributed was $1.2 million as the prosecution contends, then the loss is equivalent to a little over two percent of the benefits. These circumstances justify and warrant a sentence in the range of 0 to 6 months.

Regardless of the sentence imposed in this matter, the court should stay the sentence pending, any appeal Atalig may seek or at a minimum, stay the sentencing until such time as the Bureau of Prisons designate a facility for Atalig. In that situation it is further requested that Atalig be allowed to report directly to the facility as opposed to being escorted by the U.S. Marshal's

Law Office of G. Anthony Long


By:_____
    G. Anthony Long