UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS
*********************************************************************************************

CR- 05-00004-001                                              August 9, 2006
                                                              9:05 a.m.

**UNITED STATES OF AMERICA -v- FERMINA ATALIG**

PRESENT:   HON. ALEX R. MUNSON, Chief Judge Presiding
           SANAE SHMULL, Court Reporter
           K. LYNN LEMIEUX, Courtroom Deputy
           TIMOTHY MORAN, Assistant U. S. Attorney
           G. ANTHONY LONG, Counsel for Defendant
           FERMINA ATALIG, Defendant

PROCEEDING:   SENTENCING

Defendant was present with her counsel, Attorney G. Anthony Long. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Margarita Wonenberg and Special FBI Agent, Dana McMahon.

Government had no objections to the presentence investigation report and requested that it be adopted in it's entirety. Attorney Long stated that there were some factual changes to be made to the presentence investigation report and went over each area that they wanted changed. Court so noted.

Attorney Long argued against the 4 point enhancement in the Presentence Report on behalf of the defendant. Government argued. Court tentatively ruled that the 4 point enhancement for leadership and the 2 point enhancement for abuse of public trust were appropriate.

Attorney Long called witness:

**MARTIN S. ATALIG**. (Husband of Fermina).  DX. No CX.

Attorney Long called witness:

**CLIFF MANGLONA ATALIG**. (Son of Fermina). DX. CX. RDX.

Attorney Long called witness:

**VALERIE MANGLONA ATALIG**. (Daughter of Fermina). DX. CX.

Attorney Long called witness:

**JOAQUIN SONGSONG MANGLONA**. (Brother of Fermina). DX. CX.

Attorney Long called witness:

**JUSTIN SONGSONG MANGLONA**. (Brother of Fermina). DX. CX.

Attorney Long called witness:

**FATHER ANTONELLI** (Priest on Rota). DX. CX.

Court recessed at 10:25 a.m. and reconvened at 10:45 a.m.

After the witness testimony, Attorney Long again argued against the 4 point enhancement for leadership and for the 2 point enhancement for abuse of public trust. Further, Defense argued for downward departure based on aberrant behavior and acceptance of responsibility. Government argued. Court, after hearing all testimony and argument, **DENIED** the Defendant's motion for a downward departure and provided a tentative ruling that the 16 point enhancement was inappropriate pursuant to a loss amount of $23,750 and rather a 4 point enhancement would be appropriate under the guidelines.

Per the Court's tentative ruling of a total offense level of 16, the Government recommended a sentence at the high end of the guidelines. Defense recommended a sentence of no more than six months.

Defendant made her allocution to the Court.

Court found that, after the defendant's allocution, that the defendant **had not accepted responsibility for her acts.** Court found the total offense level to be at a level 16 with an imprisonment range of 21 to 27 months.

Court adopted the amended pre-sentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties. Attorney Long requested a copy of the U.S. Probation Office Sentencing Recommendation (Court, after consulting with the U.S. Probation Officer,

provided a copy of the report to Attorney Long).

Government had no objection to the advisory guidelines, other than previously stated, that the Court intends to be guided; Defense had not objections, other than previously stated. Court adopted the advisory guidelines.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **FERMINA ATALIG,** as to each of Counts I through VIII, is hereby sentenced to a term of imprisonment of twenty-four (24) months for each count, to be served concurrently. The defendant shall participate in an Inmate Financial Responsibility Program and any vocational or educational programs approved by the Bureau of Prisons. Upon the completion of imprisonment, the defendant is ordered to serve a term of supervised release of 36 months, which shall include the following conditions:

1. The defendant shall not commit another federal, state, or local crime;

2. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. She shall submit to up to eight drug tests a month for use of a controlled substance at the direction of the U.S. Probation Office;

3. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

4. The defendant shall comply with the standard conditions of supervised release as adopted by this court;

5. The defendant shall be prohibited from possessing a firearm or other dangerous weapon or have such at her residence;

6. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Office unless she is in compliance with the payment schedule;

7. The defendant shall provide the U.S. Probation Office access to any requested financial information; and,

The defendant is ordered to pay restitution immediately for each of Counts II to VIII in the Indictment for a total of $23,750.00.

Restitution payments shall be remitted to the Clerk of Court, District of the Northern Mariana Islands, P.O. Box 500687, Saipan, MP 96950, which shall be disbursed to the victim, as follows: U.S. Department of Labor, Employment and Training Administration,

Attention: Donald Strother, Division of Financial Systems and Services, 200 Constitution Avenue NW, N-4702, Washington, D.C. 20210

Pursuant to U.S.S.G. § 5E1.2, the defendant shall pay a fine of $5,000 which is due immediately upon sentencing.

It was further ordered that the defendant pay a special assessment fee of $800 to be paid immediately after sentencing.

Government had no objection to the sentence imposed. Defense argued that the defendant should not have to present herself for drug testing and that she be able to make payments on her fine. Court ordered that she be allowed to make payments in accordance with a schedule set up by the U.S. Probation Office.

Defendant was advised that she had 10 days in which to appeal her sentencing. Further, she was advised that if she cannot afford an attorney for the appeal the Court will appoint one for her.

Defense moved that the defendant be allowed to remain at liberty pending any appeal to this sentence. Government opposed that motion. Court GRANTED the motion.

Court ordered that the defendant be at liberty under the same conditions of release as previously set until notified by the U.S. Marshal that a facility has been designated.

Adj. 11:55 a.m.

/s/ K. Lynn Lemieux, Courtroom Deputy